[Civ. No. 3605. Third Appellate District.—January 21, 1929.]

MRS. J. STORELLI, Appellant, v. JAMES ROBERTSON, as Constable, etc., Respondent.

J. E. Colthurst for Appellant.

Lindauer & Horan for Respondent.

PLUMMER, J.—This matter is before us upon an appeal from a judgment entered after an order had been made sustaining the respondent's demurrer to the plaintiff's petition for a writ of mandate. The petition for writ of mandate alleges that on or about the fifth day of January, 1927, James Robertson, as constable in and for the township of Vallejo, in Solano County, under a writ of attachment placed in his hands, wherein the petitioner was named as defendant, attached certain property belonging to the petitioner. That thereafter the petitioner claimed a return of said property as exempt from execution and filed a claim of exemption in the justice's court of Vallejo township, from

which court said writ of attachment was issued, and moved said court for an order releasing said property from attachment, but that the justice of the peace of said township has refused at all times to order said constable to release said property from attachment.

The demurrer to the petition was sustained on the ground that it does not state facts sufficient to warrant the issuance of a writ of mandate. If the facts stated in the petition are correct, it shows that the petitioner had a plain, speedy, and adequate remedy at law. Under the code provisions the petitioner had a right to have the order of the justice's court refusing to release the property claimed as exempt, reviewed upon appeal to the superior court. It does not appear in the petition that the petitioner ever sought to avail herself of such remedy. The fact that such remedy existed, whether availed of or not by the petitioner, precludes the issuance of a writ of mandate. Under section 1086 of the Code of Civil Procedure a writ of mandate will issue only where the petitioner has not a plain, speedy, and adequate remedy in the ordinary course of law. (See, also, 16 Cal. Jur., p. 784, sec. 17.) The authorities are clear that when an appeal lies, unless there is some extraordinary circumstance rendering an appeal inadequate, *mandamus* will not lie. (See annotations to section 1086 of the Code of Civil Procedure, in part 2 of Kerr's Cyc. Codes.)

Finding nothing of merit in the appeal, the judgment of the superior court should be affirmed, and it is so ordered.

Finch, P. J., concurred.